IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD ALEXANDER PERALES TREVINO, JR, #24486-179, | § § § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:23-CV-1948-S-BK |
| | § | |
| UNKNOWN, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED**.

**I. BACKGROUND**

Richard Alexander Perales Trevino ("Perales") is in the custody of the United States Attorney General at the Federal Medical Center, Rochester (FMC-Rochester), pursuant to an order for civil commitment under 18 U.S.C. § 4246. *United States v. Perales*, 230 F.3d 1364, 2000 WL 1268214, at *1 (8th Cir. Sep. 7, 2000). On August 22, 2023, he filed a *pro se* letter complaint that is difficult to decipher and largely nonsensical. Perales asks to be transferred from FMC-Rochester to FMC-Fort Worth or a state hospital in the Dallas-Fort Worth Metroplex. Doc. 3 at 1, 4, 6. He asserts that the doctors at FMC-Rochester are either under medicating him for asthma or over medicating him with psychotropic drugs. Doc. 3 at 2-3. He contends that Dr. Hart is detaining him at FMC-Rochester until he dies so that she can order an

autopsy.  Doc. 3 at 5-6.  Perales avers that Dr. Hart is evil because she wants to conduct an autopsy to look for a "micro hairlin[e] fracture."  Doc. 3 at 6.  In sum, Perales requests that he be transferred to FMC Fort Worth and that no autopsy be conducted.  Doc. 3 at 6.  He also requests (1) his father's social security number because he was born disabled and (2) removal of his middle name from his birth certificate.  Doc. 3 at 6-8.

Upon review of the complaint, the Court concludes that Perales' medication claims should be dismissed without prejudice because of improper venue and his remaining claims should be dismissed with prejudice as frivolous.[1]

## II.  ANALYSIS

Perales' complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides in part for the sua sponte dismissal of a complaint if the Court finds that it is frivolous or malicious.  A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The latter category encompasses

---

[1] Although Perales did not pay the filing fee or move to proceed *in forma pauperis*, it is more efficient to assume that he seeks leave to proceed *in forma pauperis* (as he did in his recent Minnesota civil actions) and dismiss the complaint than to require compliance with the Court's filing requirements.

As noted, Perales is confined pursuant to an order of civil commitment under 18 U.S.C. § 4246. Thus, he is not considered a "prisoner" within the meaning of 28 U.S.C. § 1915(h) because he is not accused of or convicted of a criminal law violation but is confined instead due to a mental illness.  As a result, he is not subject to the three-strike provision of 28 U.S.C. § 1915(g) or the screening procedures of 28 U.S.C. § 1915A.  *See Molina v. Wise Cnty., Tex.*, No. 4:17-CV-809-Y, 2017 WL 11563057, at *1 (N.D. Tex. Nov. 7, 2017) (finding prisoner detained under § 4246(d) was not a "prisoner" under the *in forma pauperis* statute); *Banks v. Hornak*, No. 16-6981, 698 F. App'x 731, 736 & n.4 (4th Cir. 2017) (noting defendant detained under § 4246(d) "would not be 'prisoner' for purposes of the in *forma pauperis* statute").

allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Perales' complaint is frivolous, and venue is not proper for his medication claims.

If Perales seeks to challenge the administration of medications at FMC-Rochester, venue is not proper in this Court. *See* 28 U.S.C. § 1391(b). Based on his allegations, the events giving rise to those claims occurred at FMC-Rochester, within the jurisdictional boundaries of the United States District Court for the District of Minnesota. 28 U.S.C. § 103. Also, transfer to the appropriate district is not in the interest of justice given Perales' lengthy filing history and his recent, unsuccessful attempts to raise similar claims. *See Perales v. Daniels,* Case No. 0:23-CV-781, 2023 WL 3061198 (D. Minn. Apr. 24, 2023) (rejecting forced medication claims because the complaint identified no plausible basis for relief and *Bivens* did not extend), *appeal filed*, No. 23-2587 (8th Cir. July 6, 2023); *Perales v. Hart*, No. 0:23-CV-1914 (D. Minn. Aug. 25, 2023) (dismissing request for mandamus relief to stop forced medication for failure to state a claim). Therefore, Perales medication claim should be dismissed without prejudice because of improper venue. *See* 28 U.S.C. § 1406(a).

Next, Perales seeks to be transferred to FMC Fort Worth or a state hospital because allegedly he is not properly medicated at FMC Rochester. "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000) (citing *Meachum v. Fano*, 427 U.S. 215, 225

(1976)).  Indeed, a prisoner has no liberty interest or right to be housed in any particular facility.

See *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983).  "[C]ivilly detained persons must be

afforded 'more considerate treatment and conditions of confinement than criminals whose

conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 322

(1982)).  But "the rights afforded prisoners set a floor for those that must be afforded" civil

detainees. *Warren v. Mayberg*, No. 107CV100, 2007 WL 3274273, at *2 (E.D. Cal. Nov. 5,

2007).

Perales requests a transfer because he is allegedly dissatisfied with the medical treatment

at FMC Rochester and fears that he will be killed there and that an autopsy will be conducted.

His assertions fail to state a cognizable legal claim or anything that can be construed as such.  As

illustrated above, his factual contentions border on the irrational and incredible and thus are

clearly inadequate to support any cognizable claim.  *See Denton*, 504 U.S. at 33.  There is also

no constitutional right to be housed in a particular facility as noted.  Therefore, Perales' request

for a transfer and his residual claims, if any, lack any basis and should be dismissed with

prejudice as frivolous.

### III.  LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint

before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed

above Perales' claims are fatally infirm.  Based on the most deferential review of his complaint,

it is doubtful that, given the opportunity, he could allege cogent and viable legal claims.  Thus,

the Court concludes that granting leave to amend under these circumstances would be futile and

cause needless delay.

## IV.  CONCLUSION

For all these reasons, Perales medication claims should be **DISMISSED WITHOUT PREJUDICE** because of improper venue, see 28 U.S.C. § 1406(a), and his remaining claims should be summarily **DISMISSED WITH PREJUDICE** as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on September 29, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).